<hr />

MARSTON and another vs. HURLBURT.

*May 28 — June 23, 1880.*

*Jurisdiction of J. P. Form of warrant, in attachment.*

In an action designed to be commenced by attachment in justice's court, X.
made the affidavit for attachment in behalf of the plaintiffs; and the
warrant, personally served on defendant, required him " to answer to X.
in behalf of A. and B., to his damage," etc. *Held*, that the justice
acquired jurisdiction of the defendant.

APPEAL from the Circuit Court for *Vernon* County.

The action was commenced before a justice of the peace by
attachment. The affidavit for the writ was made by one
George A. Knee, in behalf of the plaintiffs. A warrant of
attachment was issued by the justice, and duly and personally

served on the defendant, and his property seized by virtue thereof. The warrant is in due form, except that it requires the defendant to appear at the time and place therein named " to answer to G. W. Knee in behalf of *Daniel Marston* and *Daniel W. Marston* to his damage;" etc. The defendant did not appear to the action. On the return day of the warrant, the plaintiffs appeared, and such proceedings were then had that they recovered judgment against the defendant. The defendant removed the case to the circuit court by *certiorari*, and that court reversed the judgment of the justice. The plaintiffs appealed from the judgment of the circuit court.

For the appellants there was a brief by *Stogdill & Daniels*, his attorneys, and oral argument by *Wm. F. Vilas*. They contended that the addition of the words "G. W. Knee in behalf of" did not invalidate the writ. A writ of attachment, in addition to directing the officer to take defendant's property, also serves the purpose of a summons. The office of a summons is to notify defendant to appear at a certain time and place to answer the demand of a certain person. The writ here notified defendant of the time when, the place where, and the persons against whose claim he must defend himself. The words of the writ show that the claim is not that of Knee but of the *Marstons*, in whose behalf he appears. The question in such cases is, whether the imperfection or superfluity in the form of the writ could have misled the defendant. *Union Furnace Co. v. Shepherd*, 2 Hill, 413; *Jacquerson v. Van Erben*, 2 Abb. Pr., 315. The writ was legally sufficient, and the insertion of immaterial matter that could not mislead will not vitiate it. *Nellis v. De Forest*, 16 Barb., 61, 66; *Thomas v. Roosa*, 7 Johns., 461; *Chapman v. Smith*, 13 id., 80.

For the respondent there was a brief signed by *C. M. Butt*, his attorney, with *J. H. Carpenter* and *F. K. Conover*, of counsel, and oral argument by *Mr. Conover*. After stating that the only question was whether the justice acquired juris-

---

---

diction of the defendant in *this* cause, and citing authorities to the points that such jurisdiction must appear affirmatively upon the record, and nothing would be presumed in its favor; that all the provisions of the statute which prescribes the method of obtaining jurisdiction by service of process must be strictly complied with; and that these rules are peculiarly applicable where the proceeding before the justice is by attachment — they contended that the terms of the warrant served on defendant were not such as to give jurisdiction in *this* cause.    The warrant required defendant to appear and answer "to G. W. Knee in behalf of Daniel Marston and Daniel W. Marston, to *his* damage," etc.    This language, perhaps, leaves it in doubt whether Knee is suing on behalf of the *Marstons*, or whether *Hurlburt* is required *to answer in their behalf*.    But the latter is the more natural interpretation, and the one most likely to present itself to the mind of a person merely hearing the warrant read — as was the case with defendant when the warrant was served. The warrant was the only paper served upon defendant, and must therefore have been sufficient *in itself*.    We cannot look to the affidavit for aid in construing it, nor otherwise go outside of the warrant itself to ascertain what was in fact meant by it.    Nor can we presume that defendant had any knowledge concerning the other parties or their relations to each other, or concerning any demands or pretended demands which they had against him, which would assist him to an understanding of the warrant.    So far as we know, he had never before heard of G. W. Knee or the *Marstons*.    See *Ogdensburgh Bank v. Van Rensselaer*, 6 Hill, 240.    Whether Knee is suing in behalf of the *Marstons*, or *Hurlburt* is to answer in their behalf, it is plain from the warrant that *Hurlburt* is to *answer to G. W. Knee*, and to *his* damage; and it was therefore the action of *G. W. Knee v. T. C. Hurlburt*, if any, of which the justice acquired jurisdiction.    In *Jacobs v. Frere*, 28 La. Ann., 625, it was held that a citation directed to "Jules G.

Olivier of the parish of St. Mary, attorney in fact of Gabriel L. Fusilier," was not a citation of Fusilier, and that a judgment by default against the latter was "null and void for want of a citation." The court say: "Admit that Olivier was Fusilier's attorney in fact: still, when Fusilier is sued, the citation must be directed to him and not to his agent." So here, admitting for the sake of argument that Knee was the agent of the *Marstons*, the defendant must be summoned to answer to them, and not to their agent. See also *Robbins v. Gillett*, 2 Pin., 439; *Frink v. Sly*, 4 Wis., 310.

LYON, J. The principal question presented by this appeal is, Did the service and return of the warrant of attachment confer upon the justice jurisdiction of the defendant? If not, it is solely because the warrant required the defendant to appear and answer to Knee in behalf of the plaintiffs. An unnecessary and blundering attempt was made to show in the warrant that Knee had instituted the suit in behalf of the plaintiffs; yet it would be a most insulting reflection upon the intelligence of the defendant to believe, or even suspect, that he could possibly have been misled by it, or could have doubted for a moment that he was summoned to answer the suit of the plaintiffs. The warrant shows plainly enough on its face that the plaintiffs alone were the persons making a claim against him and to whose action he was required to answer; and this is not obscured by the unnecessary statement therein to the effect that they were represented by Knee. The very ingenious argument of counsel, and the cases which he cites, have failed to convince us to the contrary.

Regarding substance rather than mere form, we hold that the words in the warrant, "G. W. Knee in behalf of," have no legal significance whatever, and must be rejected as surplusage. It follows that the justice had jurisdiction of the defendant, and that the judgment cannot be disturbed on *certiorari*.

An objection is made to the form of the judgment. We think it is in proper form — at least, we discover no defect in it going to the jurisdiction of the justice.

The judgment of the circuit court is reversed, and the cause will be remanded, with directions to affirm the judgment of the justice.

*By the Court.*— So ordered.